UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBN SHARIF,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF HACKENSACK, CITY OF HACKENSACK POLICE DEPARTMENT, CAPT. FRANCESCA AQUILA, DET. ROCCO DUARDO, DET. JOSEPH GONZALES, DET. LT. SCOTT SYBEL, ABC CORP. 1-3 (Name hereby fictitious), JOHN DOES 1-10 (Name being hereby fictitious),<br><br>        Defendants. | Civ. No. 17-12410 (KM) (MAH)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Ibn Sharif has filed an Amended Complaint in three counts against Captain Francesca Aquila, Detective Rocco Duardo, Detective Joseph Gonzales, and Detective Lieutenant Scott Sybel. It arises from the allegedly wrongful arrest and filing of criminal charges (now dismissed) against Sharif for allegedly selling cocaine to an undercover officer.

By Memorandum Opinion (DE 15, cited as "Mem. Op.") and Order (DE 16), I granted defendants' motion to dismiss the original complaint because it failed to allege factually that Sharif was arrested or prosecuted without probable cause. The original complaint stated the legal conclusion that this was a "false" arrest and prosecution, and noted that the three officers involved had committed wrongful acts in connection with an unconnected case. The original complaint, however, did not so much as deny that the cocaine sale had occurred as charged. That dismissal, however, was without prejudice to the filing, within 30 days, of an amended complaint.

1

On November 29, 2018, plaintiff, by his counsel, filed his (First) Amended Complaint (cited herein as "1AC"). The Amended Complaint asserts three counts:

I. False arrest and false imprisonment in violation of the U.S. Constitution, impliedly under 42 U.S.C. § 1983;

II. Malicious prosecution, also impliedly under § 1983;

III. Violation of the New Jersey Constitution.

The City of Hackensack and the Hackensack Police Department, named as defendants in the original complaint, have been dropped from the Amended Complaint. The corresponding *Monell* claims of municipal liability (former Counts III and IV) have likewise been dropped, although some of the underlying factual allegations remain in the body of the Amended Complaint.

Defendant Officers Duardo, Gonzales, and Sybel have moved to dismiss the First Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). In short, they contend that the complaint in its amended version still fails to allege lack of probable cause factually, but continues to rely on mere legal conclusions. I disagree; the factual allegations of the Amended Complaint suffice (if only barely) to remedy the defects of the original. The motion to dismiss will therefore be denied.

## I. BACKGROUND

Familiarity with my prior Memorandum Opinion is assumed. The key allegations of the Amended Complaint are as follows.

On March 15, 2016, at approximately 6:00 p.m., Sharif was arrested by Duardo and Sybel pursuant to three outstanding warrants. (1AC ¶ 16). The charges and the arrest warrant were based on Sharif's alleged participation in sales transactions for cocaine with Gonzalez and Duardo (in an undercover capacity) on March 15, April 12, and May 11, 2016.

The defendant denies involvement in any drug transaction on March 15, 2016. Gonzalez and Duardo he says, "falsely claimed that the Plaintiff was engaged in an undercover purchase[],"allegations which led to his being "falsely accused of selling cocaine to the defendant, Det. Gonzalez." (1AC ¶ 19) The

2

Amended Complaint makes nearly identical allegations as to the other two purchases on April 12 and May 11, 2016. (1AC ¶¶ 20, 21)

Based on those alleged undercover purchases, Sharif was charged with selling cocaine to an undercover officer in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), as well as knowingly possessing a controlled dangerous substance in violation of N.J.S.A. 2C:35-10(a)(1). (*Id.* ¶ 23).

Sometime later, the Bergen County Prosecutor's Office dismissed the charges against him based on "serious concerns about the credibility" of Gonzalez, Duardo, and Sybel. (*Id.* ¶ 24). Those concerns emanated from a separate incident in which those detectives were accused of "engaging in misconduct as police officers" when they allegedly "broke into an apartment without a warrant." (*Id.* ¶ 26). Several cases involving those officers were dismissed by the Bergen County Prosecutor. (*Id.* ¶ 27) As a result of the suspected misconduct, Gonzalez and Duardo were placed on administrative leave, and Sybel retired from the police force. (*Id.* ¶ 29).

## II. ANALYSIS

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The relevant standards of pleading are stated in my prior Memorandum Opinion, and will not be repeated here. *See* Mem. Op. at pp. 4–5.

As stated in my prior Opinion, both the false arrest/imprisonment claim and the malicious prosecution claim have as an essential element the lack of probable cause. *See* Mem. Op. at pp. 6–7, 9–10; *Brown v. Makofka*, 644 F. App'x 139, 143 (3d Cir. 2016); *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018). I faulted the original Complaint essentially because it failed to allege factually that the arresting officers lacked probable cause to bring the charges—*i.e.*, that their allegation that Sharif had sold them cocaine was incorrect.

No longer. The Amended Complaint alleges that the plaintiff never sold cocaine to the officers or engaged in the drug transactions as charged. If that is true—and, on a motion to dismiss, I must assume that it is—then the officers

3

necessarily lacked probable cause to charge that Sharif sold cocaine to them or to arrest him for doing so.

Count III of the Amended Complaint, like Count V of the original complaint, asserts a claim of violation of the New Jersey State Constitution, impliedly brought under the the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2. As discussed in my prior opinion, the elements such a claim, including lack of probable cause, are parallel to the elements of the § 1983 claims discussed above. (See Mem. Op. at pp. 12–13) I deny the motion to dismiss Count III for the same reasons stated above.[1]

Defendants' remaining arguments concerning, e.g., the length of detention, go more to the extent of damages than to the viability of the claims at the motion to dismiss stage.

## III. CONCLUSION

For the reasons stated in this Opinion, the motion of defendants Duardo, Gonzalez, and Sybel to dismiss the Amended Complaint is denied.

An appropriate Order follows.

Dated: July 3, 2018

HON. KEVIN MCNULTY, U.S.D.J.

---

[1] The plaintiff's responding papers, generally by omission of the word "not," appear at times to be arguing for dismissal of this count. I take that to be a typo.

4